UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

HEIDI K. ROBINSON,

    Plaintiff,

vs.

ACADEMY HEALTH SERVICES, INC.,

    Defendant.

Case No. 3:21-cv-66

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) GRANTING THE PARTIES' JOINT MOTION FOR APPROVAL OF THEIR SETTLEMENT AGREEMENT (DOC. NO. 9); (2) AWARDING ATTORNEY'S FEES OF $4,402; (3) DISMISSING THIS CASE WITH PREJUDICE; AND (4) TERMINATING THIS CASE ON THE DOCKET**

---

This case is before the Court on the parties' joint motion for approval of their settlement agreement. Doc. No. 9. Plaintiff was formerly employed by Defendant as a home health registered nurse. Doc. No. 1 at PageID 4. She sued Defendant for unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and the Ohio Wage Act, Ohio Rev. Code §§ 4111.03 and 4111.10. Doc. No. 1. Although the parties jointly submit this pending motion, this Court must scrutinize their settlement agreement for FLSA compliance. *See Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011). Upon review of the record and the parties' settlement agreement, along with its attachments, the Court grants the parties' joint motion for settlement approval.

**I.**

    **A.**    **Settlement Agreement**

"An agreement settling FLSA claims requires court approval." *Whitehead v. Garda CL Cent., Inc.*, No. 3:20-cv-736, 2021 WL 4270121, at *1 (W.D. Ky. Sept. 20, 2021) (citing *Steele v.*

*Staffmark Invs., LLC*, 172 F. Supp. 3d 1024, 1026, 1030 (W.D. Tenn. 2016)). "Employees are guaranteed certain rights by the FLSA and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cnty. Gov.*, No. 06-cv-299, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). Thus, "[t]he proper procedure for obtaining court approval of the settlement of FLSA claims is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness." *Gentrup*, 2011 WL 2532922, at *2 (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)).

First, the Court must determine whether there is a bona fide dispute to "guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA." *Burcham v. Taubra Corp.*, No. 3:17-cv-168, 2018 WL 3840827, at *1 (S.D. Ohio Aug. 13, 2018). Second, the Court examines several factors to determine that an agreement is "fair, reasonable, and adequate." *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Co.*, 497 F.3d 615, 631 (6th Cir. 2007) (quoting Fed. R. Civ. P. 23(e)(1)(C)). These include, *inter alia*: (1) whether there was fraud or collusion; (2) how complex, long, or expensive litigation would be; (3) how much discovery the parties performed; (4) whether the plaintiff will likely prevail on the merits; and (5) the public interest. *Id.* at 631 (first citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992); and then citing *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983)).

After reviewing the terms of the parties' settlement agreement, the Court finds that they present a genuine dispute. Plaintiff alleged that Defendant failed to pay her overtime wages or timely pay her regular wages. Doc No. 1 at PageID 8–14. Defendant contested the allegations and asserted numerous affirmative defenses. Doc. No. 3. Thus, the parties present a bona fide

dispute as to whether Defendant paid Plaintiff her full FLSA required wages and what damages -- if any -- she would be entitled to if her allegations proved correct. *Id.*; *see Burcham*, 2018 WL 3840827, at *2.

Moreover, the Court finds the terms of the settlement are fair, reasonable, and adequate. Plaintiff stands to gain $7,598 after deducting attorney's fees and costs. Doc. No. 9 at PageID 48. The Court finds no evidence the settlement was motivated by fraud or collusion. *See White v. Premier Pallet & Recycling, Inc.*, No. 5:18-cv-1460, 2018 WL 4913678, at *2 (N.D. Ohio Oct. 10, 2018) ("In assessing settlement agreements, '[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary'" (quoting *UAW v. Gen. Motors Corp.*, No. 05-cv-73991, 2006 WL 891151, at *21 (E.D. Mich. Mar. 31, 2006))). Resolving the issues between the parties through dispositive motions or trial would likely be time consuming, complex, and contentious. *See* Doc. No. 9 at PageID 46–47. The parties undertook several months of discovery before settlement. *Id.* Both parties raised potentially meritorious claims and defenses under the FLSA; thus, success for either party was uncertain. *Id.* Finally, approval of the parties' settlement agreement promotes the public's interest in encouraging settlement. *See Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *6 (N.D. Ohio Mar. 8, 2010).

For the foregoing reasons, the Court approves the parties' settlement agreement.

**B.    Attorney's Fees**

The parties' settlement agreement awards Plaintiff attorney's fees of $4,402.00. Doc. No. 9 at PageID 49–50. This represents one-third of Plaintiff's $12,000.00 recovery, plus $402.00 in costs. Doc. No. 9 at PageID 50.[1]

---

[1] The parties appear to mistakenly state that Plaintiff's counsel is entitled to $4,420.00 in fees and costs in the text of their motion. Doc. No. 9 at PageID 50. In a footnote, however, they state that "Plaintiff's Counsel has agreed to only recover $4,402.00 in attorneys' fees." *Id.* at n.2. Considering that Plaintiff's

3

"An award of attorney fees to a prevailing plaintiff under § 16(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). The amount of attorney's fees must be reasonable. *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893 (1984)). "The determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees." *United Slate, Tile & Composition Roofer, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984) (citations omitted). Additionally, "the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel." *Id.* at 504.

The Court may determine a reasonable fee amount through the "percentage-of-the-fund method." *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 498 (6th Cir. 2011). This method is appropriate where the award "is easy to calculate; it establishes reasonable expectations on the part of plaintiffs' attorneys as to their expected recovery; and it encourages early settlement, which avoids protracted litigation." *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). The downside to this method is that it "may also provide incentives to attorneys to settle for too low a recovery because an early settlement provides them with a larger fee in terms of the time invested." *Id.* Additionally, when the Court uses the percentage method, it weighs the following factors:

> 1) the value of the benefit rendered . . . 2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others, 3) whether the services were undertaken on a contingent fee basis, 4) the value of the services on an hourly basis,

---

counsel agreed to accept a one-third fee of Plaintiff's total award ($12,000.00), plus costs ($402.00), the $4,402.00 figure is the correct one.

> 5) the complexity of the litigation, and 6) the professional skill and standing of counsel involved on both sides.

*Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974) (first citing *Denney v. Phillips & Buttorff Corp.*, 331 F.2d 249 (6th Cir. 1964); then citing *Pergament v. Kaiser-Frazer Corp.*, 224 F.2d 80 (6th Cir. 1955); and then citing *In re Detroit Int'l Bridge Co.*, 111 F.2d 235 (6th Cir. 1940)).

The percentage method is appropriate here. This case has been ongoing February 2021. *See* Doc. No. 1. In the interest of avoiding protracted litigation, a percentage-based fee award furthers timely resolution and "incentivizes lawyers to maximize . . . recovery, but in an efficient manner." *Connectivity Sys. Inc. v. Nat'l City Bank*, No. 2:08-cv-1119, 2011 WL 292008, at *13 (S.D. Ohio Jan. 26, 2011). Furthermore, because this case started almost one year ago, there is no concern that the attorneys settled for a low recovery in relation to the time invested.

Attorney fees equaling one-third of Plaintiff's recovery, plus $402 in costs, are reasonable. *See Dillworth*, 2010 WL 776933, at *8 (collecting cases in the Sixth Circuit finding one-third fee arrangements are reasonable). Counsel for the parties agree that even after one-third of Plaintiff's recovery is devoted to attorney's fees, she will receive 91% of the damages sought in her complaint. Doc. No. 9-3 at PageID 63. Awarding this amount of fees furthers society's interest in rewarding attorneys who achieve a benefit for workers who "would not have known what they were owed and, even if they did, would not have found it practicable or in their best interest to vindicate their rights." *Feiertag v. DDP Holdings, LLC*, No. 14-cv-2643, 2016 WL 4721208, at *7 (S.D. Ohio Sept. 9, 2016) (citing *Kritzer*, 2012 WL 1945144, at *9). Moreover, both attorneys in this matter possess substantial experience and ably represented their clients, leading to an efficient resolution of this case. *See id.* Therefore, the Court approves $4,402.00 as a reasonable amount of attorney's fees and costs as set forth in the settlement agreement.

**II.**

The Court thus: (1) **GRANTS** the parties' joint motion for approval of the settlement agreement (Doc. No. 9); (2) **AWARDS** attorney's fees of $4,402.00; (3) **DISMISSES** this case with prejudice; and (4) **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

Date:  February 17, 2022  s/Michael J. Newman
Hon. Michael J. Newman
United States District Judge